UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KARSTEN ALLEN,
*Petitioner*,

v.     1:24-cv-01484-MSN-IDD

JEFFERY ARTRIP,
*Respondent.*

**MEMORANDUM OPINION AND ORDER**

Virginia inmate Karsten Allen ("Petitioner" or "Allen"), proceeding a *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his April 19, 2010 convictions in the Circuit Court for the City of Richmond, Virgina for abduction with intent to extort money, attempted robbery, possession of a firearm by a convicted felon, wearing body armor while possessing a firearm, and two counts of use of a firearm in the commission of a felony.[1] (ECF 1).[2] The § 2254 petition will be dismissed without prejudice because it is successive, *Allen v. Warden, Keen Mt. Corr. Ctr.,* No. 1:13cv726, 2014 U.S. Dist. LEXIS 55827 (E.D. Va. Apr. 22, 2014), *appeal dismissed*, 583 F. App'x 206 (4th Cir. 2014), which means the Court has no jurisdiction to consider the petition.

After his convictions, Allen, by counsel, filed a petition for appeal in the Court of Appeals of Virginia, which granted his petition, in part, and affirmed his convictions on August 2, 2011.

---

[1] The petition indicates the state circuit court case numbers for his convictions are Case Nos. CR09F-3295 through 3300.

[2] Allen filed his petition for a writ of habeas corpus in the United States District Court for the Western District of Virginia. (ECF 1). The Western District transferred the civil action to this Court on August 22, 2024 as a more appropriate venue. (ECF 3).

*Allen v. Commonwealth*, 712 S.E.2d 748 (Va. Ct. App. 2011). Allen filed a petition for appeal in the Supreme Court of Virginia, which refused his petition for appeal on December 14, 2011. (Record No. 111597). As relevant to this proceeding, Allen, proceeding *pro se*, filed a petition for a writ of habeas corpus in this Court on June 12, 2013. Allen, No. 1:13cv726 at ECF 1. The Court dismissed the petition on April 22, 2014, *Id.* at ECF 20 and 21, and Allen filed a notice of appeal. *Id.* at ECF 22. The Fourth Circuit dismissed the appeal for failure to prosecute on September 23, 2014. *Id.* at ECF at 28.

Title 28 U.S.C. § 2244(b) compels a district court to dismiss a second or successive habeas petition absent an order from a panel of the Court of Appeals authorizing the district court to review such a petition. The Court of Appeals will only authorize such a review if a petitioner can show that (1) the claim has not been previously presented to a federal court on habeas corpus, and (2) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or the claim relies on facts which could not have been previously discovered by due diligence and which show by "clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii).

The gatekeeping mechanism of § 2244 affords a petitioner "an opportunity to bring new claims where the petitioner can show that he was not at fault for failing to raise those claims previously and where the claim, if meritorious, would sufficiently undermine confidence in the judgment at issue." *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). The power to determine whether a claim satisfies the requirements of § 2244 does not lie with the district court; it "must be made by a court of appeals." *In re Williams*, 364 F.3d 235, 238 (4th Cir. 2004). Where a court of appeals has not authorized a second or successive petition, "the district court lacks jurisdiction"

over the petition. *Evans*, 220 F.3d at 325. Because Petitioner has not provided any such order from the United States Court of Appeals for the Fourth Circuit, this Court therefore lacks jurisdiction to consider this successive petition, which must be dismissed.

Accordingly, it is hereby

ORDERED that this successive petition (ECF 1) be and is DISMISSED WITHOUT PREJUDICE to Petitioner's right to move a panel of the United States Court of Appeals for the Fourth Circuit for an order authorizing this Court to consider the petition.

To appeal this decision, petitioner must file a written Notice of Appeal ("NOA") with the Clerk's Office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written NOA is a short statement indicating a desire to appeal and including the date of the Order the petitioner wishes to appeal. Failure to file a timely NOA waives the right to appeal this decision. Petitioner also must obtain a certificate of appealability from a circuit justice or judge. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). The Court expressly declines to issue a certificate for the reasons stated above.

The Clerk is directed to send a copy of this Order and a standard § 2244 form to petitioner and to close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

August 27, 2024
Alexandria, Virginia

3